**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| PREPARED FOOD PHOTOS, INC., : <br> : <br> Plaintiff, : <br> : Civil No. 23-1781 (RBK/MJS) <br> v. : <br> : **OPINION** <br> DAVID & SONS MEATS LLC, : <br> : <br> Defendant. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff Prepared Food Photos, Inc. ("Prepared Foods" or "Plaintiff")'s Motion for Default Judgment (ECF No. 7). For the reasons set forth below, the Motion is **GRANTED**.

## I.     BACKGROUND

### A.  Factual Background

As a preliminary matter, a consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal citations omitted). Thus, the following factual background is based on the well-pleaded allegations set forth in the Plaintiff's Complaint, (ECF No. 1), and recited in the instant Motion.

Plaintiff Prepared Foods is in the business of licensing high-end, professional photographs for the food industry. (ECF No. 7 ¶ 10). Typically, it operates on a subscription basis whereby it charges its clients a minimum monthly fee of $999 for access to its library of photographs. (*Id.* ¶¶ 11, 14). Prepared Foods' standard licensing terms require a minimum

1

twelve-month commitment as a safeguarding measure, and its business model relies on its recurring monthly subscription service. (*Id.* ¶¶ 12–13). Plaintiff owns each of the photographs available for license on its website and it serves as the licensing agent with respect to licensing its photographs for limited use by its customers. (*Id.* ¶ 15). Plaintiff's standard licensing terms include a limited, non-transferable license for use of any photograph by the customer only, and the terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person or entity. (*Id.*)

The instant matter concerns one photograph titled "RawBeefTBone003_ADL" (the "Photograph"), which is owned by Plaintiff and is available for license on the above-stated terms. (*Id.* ¶ 16). The Photograph was registered by Plaintiff with the Register of Copyrights on January 11, 2017, and was assigned Registration No. VA 2-026-514. (*Id.* ¶ 17).

Defendant David & Sons Meats LLC ("David & Sons," or "Defendant") owns and operates a butcher and gourmet takeout shop in Swedesboro, New Jersey. (*Id.* ¶ 19; Compl. ¶ 2). Defendant advertises and markets its business primarily through its commercial websites, social media, and other forms of advertising. (ECF No. 7 ¶ 20).

On at least eight dates from November 2020 through July 2021—after Plaintiff registered the Photograph—Defendant published the Photograph on its Facebook page in connection with the advertising and sale of various steaks it offered in its takeout shop. (*Id.* ¶ 21). According to Plaintiff, Defendant is not and has never been licensed to use or display the Photograph, nor has Defendant ever contacted Plaintiff to seek permission to use the Photograph for any purpose. (*Id.* ¶ 23). Plaintiff contends that Defendant located a copy of the Photograph on

2

the internet and, rather than contact Plaintiff to secure a license, simply copied the Photograph for its own commercial use. (*Id.* ¶ 25).

To ensure that Plaintiff's intellectual property is not being misappropriated, Plaintiff employs a full-time paralegal and other staff that each perform reverse-image searches using Google Images and review grocery store electronic and print ads to determine whether Plaintiff's images are being misused. (*Id.* ¶ 26). Plaintiff first discovered Defendant's unauthorized use and display of the Photograph on October 4, 2021. (*Id.* ¶ 28). Following Plaintiff's discovery of Defendants' alleged infringement, Plaintiff retained counsel and sent, via Federal Express and email, an initial infringement notice to Defendant to notify it of the impermissible use. (*Id.* ¶ 29). Plaintiff's counsel then sent "at least three follow-up emails and at least one phone call," but Defendant "never meaningfully responded" to those notices or communications. (*Id.*)

### B. Procedural History

Plaintiff filed its Complaint on March 29, 2023. (ECF No. 1, Compl.). Defendant was served with a copy of the Summons and Complaint on April 11, 2023. (ECF No. 5). Following an absence of responsive pleadings from the Defendant and the expiration of Defendant's response deadline, Plaintiff filed a Motion for Default against Defendant on May 5, 2023, (ECF No. 6), which the Clerk of this Court subsequently entered on May 9, 2023. The instant Motion for Default Judgment is now ripe for review.

## II.   JURISDICTION

"Before entering a default judgment against a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Bank of Am., N.A. v. Hewitt,* No. 07-4536, 2008 WL 4852912, at *5 (D.N.J. Nov. 7, 2008). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Personal jurisdiction over a defendant alleged to have defaulted is also a prerequisite for a district court's power to render and enforce a final default judgment in a plaintiff's favor. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) (holding that if a court lacks personal jurisdiction over a defendant, the subsequent enforcement of such judgment will be deemed void). Absent an evidentiary hearing, a plaintiff's complaint need only establish a prima facie case of personal jurisdiction. *Allaham v. Naddaf*, 635 Fed. App'x 32, 36 (3d Cir. 2015). The New Jersey long-arm statute permits the exercise of personal jurisdiction as fully as the Due Process Clause permits. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Carteret Sav. Bank, FA v. Shusham*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c)).

Defendant is a corporation with its principal place of business in New Jersey. (Compl. ¶ 2). Because Defendant is domiciled in New Jersey and can accordingly be considered "at home" in the forum state of this Court, *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (holding that a "paradigm forum for the exercise of general jurisdiction" for a corporation is one in which the corporation is fairly regarded as at home); *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 317 (1945), we that Plaintiff has established a prima facie case of personal jurisdiction over Defendant in its Complaint. Consequently, the Court finds that it may exercise personal jurisdiction over the Defendant.

### III.   LEGAL STANDARD

#### A. Default Judgment Under Rule 55(b)(2)

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based

4

solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is not without limits, however, and we repeatedly state our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Before entering default judgment, the Court must conduct a three-part analysis. First, the Court must determine whether the Clerk's entry of default was proper. *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (noting that entry of default by the Clerk under Rule 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)); *see also* 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2682 (4th ed.) (hereinafter "Wright & Miller") ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Correspondingly, the Court must also find that the plaintiff properly served the defendant and that the defendant failed to respond. *See* Fed. R. Civ. P. 55(a) (stating that default is appropriate if the defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise").

Second, the Court must ascertain whether "the unchallenged facts constitute a legitimate cause of action." *DirecTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). Default judgment is permissible only if the plaintiff's factual allegations establish a right to the requested relief. *See Berman v. Nationsbank of Del.*, No. 97-6445, 1998 WL 88342, at *1 (E.D. Pa Mar. 2, 1998). Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions. *Comdyne I, Inc.*, 908 F.2d at 1149.

5

Third, even if default judgment is permissible, the court must weigh the following three factors, known as the *Emcasco* factors, to determine whether default judgment is appropriate: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct. *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987); *see also Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000).

### B. Copyright Act Claims

The Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106–22] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a).

In addition, copyright infringement may be considered willful—and statutory damages may be increased accordingly—when a defendant defaults and decides not to defend against the action. *See* 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."). Although the Third Circuit does not currently have a "willfulness" standard, this Court has previously followed that of the Second Circuit. *See Lines+Angles, Inc. v. Adagio Teas, Inc.*, No. 20-00831, 2022 WL 2473360, at *5 (D.N.J. July 5, 2022) (adopting the Second Circuit's standard of proving "willfulness" under the Copyright Act that "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights").

## IV. DISCUSSION

The Court will first review the requisite elements for rendering a default judgment pursuant to Rule 55(b)(2), which we grant in Plaintiff's favor. We will then review the relief merited by the default judgment, including damages, costs, and permanent injunctive relief.

### A. Entry of Default

The Clerk of this Court properly entered default under Rule 55(a). Prepared Foods filed its Complaint on March 29, 2023. (ECF No. 1). On April 20, 2023, Plaintiff submitted an Affidavit of Service of the Summons and Complaint, which included a declaration from Plaintiff's process server that he personally served the Defendant's "Manager/Authorized Agent," Timothy Sutherland, on April 11, 2023, at 1:15 PM. (ECF No. 5). As such, Prepared Foods properly served Defendant within ninety days after filing its Complaint. *See* Fed R. Civ. P. 4(m) (a plaintiff must serve the summons and complaint within ninety days from filing). Defendant did not respond to the Complaint within twenty-one days after service. *See* Fed. R. Civ. P. 12(a) (defendant must respond within twenty-one days of service). Thus, entry of default was proper because Defendant received fair notice of the claims against it but did not respond.

### B. Plaintiff's Cause of Action

Before a default judgment may be entered, "[t]he plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action." *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795, at *1 (D.N.J. Feb. 24, 2015). Plaintiff has asserted a valid cause of action under the Copyright Act, 17 U.S.C. § 501(a). Copyright infringement has two elements that must be proven: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).

Regarding the first element, Plaintiff registered the Photograph pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights on January 11, 2017. (*See* ECF No. 4, AO121 Copyright Form ¶ 12). Moreover, by virtue of its default, Defendant has forfeited its ability to challenge Plaintiff's registration or ownership of a valid copyright. *See Comdyne I, Inc.*, 908 F.2d at 1149. The Court therefore considers Plaintiff's copyright valid under 17 U.S.C. § 501(a).

Regarding the second element, Defendant's posting of the Photograph to social media constituted unauthorized use of Plaintiff's work. Moreover, Defendant's refusal to pay a reasonable licensing fee and refusal to substantively communicate demonstrates that Defendant had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed upon Plaintiff's exclusive copyrights in the Photograph. *See Lines+Angles, Inc.*, 2022 WL 2473360, at *5 (holding that "willfulness" under the Copyright Act includes "reckless disregard" for, or "willful blindness" to, the copyright holder's rights). Plaintiff also took the extra step of notifying Defendant of its infringement pre-lawsuit, which Defendant ignored. (ECF No. 7 ¶ 29). As such, Defendant's default and the well-pleaded facts of the Complaint establish that Defendant's actions constituted unauthorized copying of Plaintiff's work. Furthermore, this copying can be considered "willful" under the Copyright Act.

Accordingly, because Plaintiff has established both elements of its copyright infringement claim, it has stated a valid cause of action.

### C. *Emcasco* Factors

Even where default judgment is permissible, the Court must consider three factors to determine whether default judgment is in fact appropriate: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a meritorious defense; and (3) whether the

defendant's delay is due to culpable conduct. *Emcasco Ins. Co.*, 834 F.2d at 74; *see also Chamberlain*, 210 F.3d at 164.

The *Emcasco* factors are satisfied here. First, because of Defendant's failure to answer the complaint, the Court's entry of default judgment is likely the only means by which Plaintiff can enforce its valid copyright of the Photograph following Defendant's infringement. Because the denial of default judgment would likely prejudice Plaintiff's ability to enforce its ownership of the Photograph, the first factor is satisfied. Second, having reviewed the record available, the Court is unable to discern any meritorious defense to Plaintiff's claims. *See GP Acoustics, Inc. v. Brandnamez, LLC,* No. 10-539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (noting that a "[d]efendant's failure to answer makes it practically impossible for the Court to determine whether [the defendant has] a meritorious defense") (internal quotation marks and citations omitted). Third, there is nothing before the Court to suggest that the Defendant's failure to answer is due to anything other than Defendant's willful blindness or reckless disregard. *See Lines+Angles, Inc.*, 2022 WL 2473360, at *5

Accordingly, because the clerk's entry of default was properly entered, Plaintiff has stated a valid cause of action under the Copyright Act, and the *Emcasco* factors are satisfied, the Court finds default judgment in Plaintiff's favor under Rule 55(b)(2) to be appropriate.

### D.  Appropriate Relief

Plaintiff has requested the following relief to be granted: statutory damages, taxable costs, and entry of a permanent injunction against Defendant. (ECF No. 7 at 20). As we explain below, the Court finds it appropriate to award Plaintiff $23,976 in statutory damages, $462 in taxable costs, and to enter a permanent injunction against Defendant.

      *i.    <u>Actual Damages</u>*

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer*." Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 390 (3d Cir. 2016). The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Id.* ("One method involves calculating the fair market value of the licensing fees the owner was entitled to charge for such use.").

The screenshot of Defendant's Facebook page shows that the Photograph was published by Defendant at least as of November 1, 2020, (Compl. ¶ 16), and that it remained published by Defendant through at least July 28, 2021. (ECF No. 7 at 13). Defendant's failure to participate in this lawsuit has purportedly limited Plaintiff's ability to conduct discovery to discover the extent of Defendant's infringement or the exact date on which the Photograph was uploaded or removed from Defendant's social media. (*Id.*). Nevertheless, the Court construes the dates pleaded above as accurate for purposes of its analysis. *See Comdyne I, Inc.*, 908 F.2d at 1149. On this basis, for each year that Defendant published the Photograph, Plaintiff would be owed an annual license fee of $11,988, assuming the minimum $999 per month licensing fee.

In a similar case involving the Plaintiff, another court found the $11,988 single-year licensing fee to be a "useful proxy" for estimating the Plaintiff's actual damages:

> Here, Plaintiff provides access to its library at a price $999.00 per month with a minimum twelve-month contract commitment, meaning, a licensee must pay $11,988 for access to any of Plaintiff's photographs for any amount of time within a one-year period. Plaintiff has numerous clients who pay this annual subscription fee. While that demonstrates that licensors have indeed licensed its

10

> library on an annual basis for $11,988, it is unclear whether any licensor has paid that amount to utilize a single photograph in the library. Nevertheless, I find $11,988 to be a useful proxy given the below-described difficulties in calculating with precision Plaintiff's actual damages.

*Prepared Foods Photos, Inc. v. Patriot Fine Foods LLC*, No. 21-82129, 2022 U.S. Dist. LEXIS 205649, at *10 (S.D. Fla. Mar. 22, 2022) (hereinafter *Patriot Fine Foods*) (internal citations removed). Numerous courts have adopted the preceding analysis in determining damage amounts with virtually identical facts in similar cases involving the Plaintiff and defaulting defendants.[1]

Likewise, in the instant case, Plaintiff claims that the cost of one annual license payment, $11,988, is the most accurate measure of Plaintiff's actual damages based on the facts available. (ECF No. 7 at 13). Plaintiff contends, however, that actual damages are not fully determinable because Defendant "stymied Plaintiff's ability to present . . . evidence to the Court." (*Id.* at 15). Plaintiff contends further that a determination of actual damages solely based on the licensing fee would be "insufficient due to Defendant's refusal to appear and participate in discovery." (*Id.*). Although the Court agrees that the annual licensing fee is "a useful proxy" for determining actual damages, *see Patriot Fine Foods*, 2022 U.S. Dist. LEXIS 205649, at *10, the Court grants Plaintiff's request to recover statutory damages in place of actual damages.

---

[1] Plaintiff's Motion, (ECF No. 7 at 12–14), offers a litany of similar cases with virtually identical fact patterns in which Plaintiff won actual based on the minimum one-year licensing fee amount against similarly situated defendants deemed to have committed copyright infringement via default judgment. *See, e.g.*, *Prepared Food Photos, Inc. v. 193 Corp.*, No. 22-03832, 2022 U.S. Dist. LEXIS 205690 (N.D. Ill. Sep. 21, 2022) (awarding Plaintiff $35,964 in actual damages, representing the $11,988 annual license fee for three years of usage of pre-registration usage of a single photo); *Prepared Food Photos, Inc. v. Miami Beach 411 Corp.*, No. 22-23197, 2022 U.S. Dist. LEXIS 216003 (S.D. Fla. Nov. 28, 2022) (awarding Plaintiff $35,964 in actual damages, representing the $11,988 annual license fee for three years of usage of a single photo); *Prepared Food Photos, Inc. v. Chi.-Mkt.-Distrib., Inc.*, No. 22-03299, 2023 U.S. Dist. LEXIS 88407, at *2 (D. Colo. May 19, 2023) (awarding $35,964 in actual damages, representing the $11,988 annual license fee for three years of usage of a single photo).

      *ii.* <u>*Statutory Damages*</u>

When copyright infringement is found, the copyright holder may elect to recover statutory damages against the infringer rather than recover actual damages. 17 U.S.C. § 504(a)(2). Here, Plaintiff elects to recover statutory damages for Defendants' infringement of Plaintiff's exclusive rights in the Photograph and seeks enhancement of its statutory award due to the willfulness of its infringement. *See* 17 U.S.C. § 504(c)(2).

Given the circumstances of the instant case, an award of statutory damages in the amount of twice the minimum one-year licensing fee of $11,988 for a total amount of $23,976 is appropriate under 17 U.S.C. § 504(c)(2). Defendant's conduct—as well as its decision not to defend against Plaintiff's claim—demonstrates that its conduct can be considered "willful" under § 504(c)(2). *See Lines+Angles, Inc.*, 2022 WL 2473360, at *5. Because of this, an upward departure in line with similar cases involving the Plaintiff is also appropriate in this case.[2] As the court in *Patriot Fine Foods* noted:

> Had Plaintiff been able to conduct discovery and gather information on the scope of Defendant's infringement, actual damages would have likely been greater than the reasonable licensing fee for the Work. Here, doubling $11,988 will appropriately account for the circumstances surrounding this infringement and the need for deterrence. Defendant's declination to participate in this litigation impeded the court's ability to calculate the total extent of Plaintiff's actual damages, including Defendant's profits. Defendant likely profited to some degree from its unauthorized use; Plaintiff alleges that Defendant made commercial use of the Work for at least one year, advertising the sale of "USA Prime Angus London

---

[2] Plaintiff's Motion (ECF No. 7 at 12–14) also provides a list of similar cases in which Plaintiff won statutory damages with various multipliers based on the minimum one-year licensing fee amount. *See Prepared Food Photos, Inc. v. Fat Daddy Co.*, No. 22-61671, 2022 U.S. Dist. LEXIS 216004 (S.D. Fla. Nov. 29, 2022) (awarding Plaintiff $23,976 in statutory damages, representing the $11,988 annual license fee for a one-year use with a two-times multiplier applied thereto); *Prepared Food Photos, Inc. v. Perry Wings Plus, Inc.*, No. 22-61883, 2022 U.S. Dist. LEXIS 227304, at *24 (S.D. Fla. Dec. 19, 2022) (awarding $71,928 in statutory damages, representing the $11,988 annual license fee for a three-year use with a two-times multiplier applied thereto); *Prepared Food Photos, Inc. v. Silver Star of Brooklyn / Brooklyn's Best Inc.*, No. 22-04196, 2023 U.S. Dist. LEXIS 22037 (E.D.N.Y. Jan. 23, 2023) (awarding $71,928 in statutory damages, representing the $11,988 annual license fee for three-year use with a two-times multiplier applied thereto); *Prepared Food Photos, Inc. v. Trip Rest. LLC*, No. 22-07953, 2023 U.S. Dist. LEXIS 68835, at *25 (S.D.N.Y. Apr. 14, 2023) (awarding $47,952 in statutory damages, representing the $11,988 annual license fee for two-year use with a two-times multiplier applied thereto).

> Broil" on its website for $9.99 per pound. Further, as described above, Defendant's conduct was willful. And "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." The need to deter future violations is an especially appropriate consideration here, given Defendant's default.

2022 U.S. Dist. LEXIS 205649, at *12–13 (internal citations omitted).

The same facts in *Patriot Fine Foods* apply to the instant case. Here, Plaintiff likewise was unable to conduct discovery or gather information beyond the estimate of actual damages based on the minimum annual licensing fee. And as we have noted, the annual licensing fee structure offers a helpful proxy for calculating damages. The Court also agrees with Plaintiff that applying a two-times multiplier to the estimated actual damages award, like the court in *Patriot Fine Foods*, would "create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages" and may help deter future violations of copyright law. (*See* ECF No. 7 at 17).

Accordingly, in lieu of an award of actual damages, the Court hereby grants Plaintiff statutory damages in the amount of $23,976, or two times the annual minimum licensing fee for Plaintiff's copyrighted works.

      iii.    <u>Costs and Fees</u>

Pursuant to 17 U.S.C. § 505, a district court may, at its discretion, award costs and attorneys' fees to a prevailing party in a copyright infringement suit. Plaintiff, as the prevailing party for purposes of this default judgment, has elected not to recover attorneys' fees in this matter. (*See* ECF No. 7 at 19). Instead, Plaintiff seeks only to recover its taxable costs: the $402 filing fee plus a $60 service fee, for a total of $462. (*Id.*). In view of Defendant's failure to appear or respond to this action and the reasonableness of Plaintiff's request, the Court grants Plaintiff's requested recovery of $462 in taxable costs.

13

      *iv.*    <u>*Permanent Injunctive Relief*</u>

Finally, Plaintiff has requested permanent injunctive relief to enjoin Defendant from continuing to infringe Plaintiff's copyrighted work. The Court finds such permanent injunctive relief to be appropriate.

A district court is permitted to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). However, a plaintiff seeking a permanent injunction must demonstrate: (1) whether the moving party has shown actual success on the merits; (2) whether denial of injunctive relief will result in irreparable harm to the moving party; (3) whether granting of the permanent injunction will result in even greater harm to the defendant; and (4) whether the injunction serves the public interest. *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

Each of these factors favor the Plaintiff. First, Plaintiff has shown actual success on the merits of its copyright infringement claim. Second, as established by the well-pleaded facts of the Complaint and admitted by Defendant's default, Defendant's conduct has caused—and any continued infringing conduct will continue to cause—irreparable injury to Plaintiff such that Plaintiff has no adequate remedy at law.[3] Third, granting the permanent injunction will not result in greater harm than necessary to Defendant, as an injunction in this instance is "reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Lastly, enforcing valid copyrights against infringing parties by injunction is squarely in the public interest, as doing so helps to deter further infringement.

---

[3] Injunctive relief under § 502(a) is regularly granted in conjunction with damages in copyright infringement actions. *See Arista Recs., LLC v. Callie*, No. 07-712, 2007 WL 1746252, at *2 (D.N.J. June 15, 2007) (collecting cases); *see also TD Bank N.A. v. Hill*, 928 F.3d 259, 283 (3d Cir. 2019) (noting that the availability of some legal remedy in a copyright infringement matter does not mean such a remedy alone is adequate).

Accordingly, the Court agrees to enter a permanent junction against Defendant to enable Plaintiff to enforce its copyrighted work and to deter further infringement.

## CONCLUSION

For the reasons stated above, Plaintiff Prepared Food Photos, Inc.'s Motion for Default Judgment (ECF No. 7) is **GRANTED**. Plaintiff shall recover from Defendants the principal sum of **$24,438**, consisting of $23,976 in statutory damages and $462 in taxable costs. Additionally, Defendant is **permanently enjoined** from the unauthorized use of any of Plaintiff's copyrighted materials, including, but not limited to, the Photograph at issue in this matter.

An appropriate Order follows.

Dated: March 4, 2024                           /s/ Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge